Curia, per Withers, J.
First as to the statute of limitations.' The action ivas commenced on the 1st of March, 1848. The last payment on the note which is the cause of action, was made by one of the defendants, James W. Frazier, on the 22d of February, 1843. On the 28th day of March, 1845, in a letter written by him in relation to the note, and specifying the payments that had been made, he remarks to the cashier of the Ruckersville Banking Company, to whom the note was payable, “ I should be glad to hear what is the true situation of the matter as far as I am interested, as I have been prepared to meet the balance of the demands, if any there be, upon a final settlement.”
After referring to certain sources of further payment, which were .relied upon, (but there is no evidence they ever proved available,) he conjectures the balance of the note would be under two hundred dollars, and says : “if the collaterals fail, and the ten per cent is not paid back, I am good for that amount at any time.”
It thus appears that upon a note due on the 1st February, 1841, the last payment made by Frazier, for himself and his co-defendants, was on the 22d February, 1843 — that he promised on the 28th-March, 1845, to pay the balance, which he *95 supposed was to be ascertained upon final settlement, the materials for which were in the hands of the creditor — that the demand referred to was not doubtful, being the very note 1 now sued upon — that according to the creditor’s affirmation on the trial, the balance of principal due on the 28th March, 1845, is the same balance now due, the same not being after-wards reduced.
Considering that the .bar -of the statute was not complete at any of the periods when new promises, were made by Frazier, for himself and co-defendants — first, implied from the .payments; second, express in his letter; the last being within three'years of the commencement of the action — has all the requisites necessary and adequate to rebut the plea of the statute of limitations. A certain degree of definite exactness is required where the statute has run out, because in such case the new promise is .the cause of action ; according to one of our cases, “ the promise should be so explicit that the liability could be made apparent by stating the terms of the undertaking in a declaration, reference being had to the old demand for a consideration; that is, the extent of the liability must appear in the terms of the assumption.” Whether the promise now relied upon as evidence would or would not be sufficient as a cause of action, we need not consider; as evidence to keep alive the contract of the defendants, it is ample to rebut the plea of the statute. This obstacle, therefore, opposed to the plaintiff’s right to recover, was properly removed by the Circuit Judge. We are unable to discover how the jury could draw, from the'evidence before them, the conclusion that the plaintiff was entitled to recover nothing. If the sum of $375, specified in the receipt of White, cashier, under date of 6th April, 1842, be added to credit of $1600, allowed to defendants, there is still abalance remaining upon the note. So far from finding any evidence to show that the 77 shares of stock, mentioned in Frazier’s letter, furnish an additional credit, the testimony of White, the cashier, affirms that it is not known whether the shares will ever produce anything, even if applicable to this debt, and that at any rate, at the time he spoke, nothing had been refunded to the stockholders upon their shares. Whatever may be made hereafter to appear in relation-to the receipt of 6th April, 1842, we are bound to say, as the case is now presented to us, there. does not seem to be anything to warrant the idea that the sum it specifies is a credit to these defendants. To make it so, we shall have to discredit White, who says that $1600 constitute the entire payments, confirmed as he is by strong implication by Frazier’s letter, who does not claim the item in question, (though prior in date to all the rest;) we shall have to presume that, because the maker of the note mortgaged some negroes to the bank, and because they went into
*96 Frazier’s possession under purchase, Jude and Aggy were among them, and their value has not been included in the ; $1600, and was applicable to this debt and no other, for all we see no testimony, but on the contrary observe that one Hester, a stranger to this note, was associated with Frazier in purchasing the relinquishment of the bank’s lien on Jude and Aggy. Various other observations might be added on this subject, but we forbear to conclude anything more than this, that the evidence adduced on the trial by defendants, does not warrant them in claiming the sum now referred to, as an additional credit. Perhaps they may be able to shed more light upon this matter, on a future-occasion — and of that they will have all the advantage.
In any view, some balance appears to be due to the plaintiff, and a new trial is ordered.
The whole Court concurred.

Motion granted.